NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3299

MONIDEEP K. DEY,

Petitioner,

v.

NUCLEAR REGULATORY COMMISSION,

Respondent.

Monideep K. Dey, of Yellow Spring, West Virginia, pro se.

L. Misha Preheim, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3299

MONIDEEP K. DEY,

Petitioner,

v.

NUCLEAR REGULATORY COMMISSION,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0432070132-B-1.

_____

DECIDED: January 16, 2009

_____

Before NEWMAN, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

DECISION

Monideep K. Dey petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Nuclear Regulatory Commission ("NRC" or "Agency"), removing him from his position based upon his failure to bring his job performance up to the Minimally Successful ("MS") level. Dey v. Nuclear Regulatory Comm'n, No. DC-0432-07-0132-B-1 (M.S.P.B. May 16, 2008) ("Final Decision"). We affirm.

DISCUSSION

I.

Prior to his removal, Mr. Dey was employed by NRC as a Senior Reliability and Risk Engineer at the Office of Nuclear Regulatory Research, Division of Risk Assessment and Special Projects, Operating Experience and Risk Analysis Directorate, Fire Research Team. In a Performance Improvement Requirements Memorandum ("PIRM") dated June 7, 2005, the team leader for the Fire Research Team at the time, Mark Henry Salley, informed Mr. Dey that his performance was unacceptable. In addition, Mr. Salley implemented a seventy-three day performance improvement plan ("PIP"), notifying Mr. Dey that he had to bring his performance regarding Critical Element 1 (Technical Task Management) and Critical Element 3 (Technical Activities) up to at least the MS level by August 19, 2005. Subsequently, the PIP was extended for an additional week to account for one week that Dr. Dey was on sick leave.

On January 4, 2006, Mr. Salley determined that Mr. Dey's performance was unacceptable with respect to Critical Elements 1 and 3 during the PIP. Thus, Mr. Salley proposed removal of Mr. Dey for unacceptable performance. Mr. Dey responded both orally and in writing, thoroughly addressing his alleged performance deficiencies. On October 19, 2006, the Deputy Director for the Division of Reactor Projects, Region 1, David C. Lew, reviewed Mr. Salley's assessment of Mr. Dey's unacceptable performance and determined that the assessment was correct in light of the evidence. Accordingly, Mr. Lew decided to remove Mr. Dey for unacceptable performance.

II.

Mr. Dey appealed his removal to the Board. In addition, he alleged several affirmative defenses, including that NRC removed him in retaliation for whistleblowing. He also requested a hearing, which was conducted on October 2 and 3, 2007. On December 17, 2007, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision, sustaining Mr. Dey's removal for failing to meet the requirements of the PIP. Dey v. Nuclear Regulatory Comm'n, DC-0432-07-0132-B-1 (M.S.P.B. Dec. 17, 2007) ("Initial Decision"). The AJ explained that, despite Mr. Dey's contrary factual allegations, there was substantial evidence that supported removal, including documents and testimony from Mr. Salley and Mr. Lew. In particular, the AJ determined that the Agency established: that the performance appraisal system was approved by the Office of Personnel Management ("OPM"); that the performance standards for Critical Elements 1 and 3 were valid; that Mr. Dey's performance was deficient; and that he was provided a reasonable opportunity to demonstrate acceptable performance prior to removal. Additionally, the AJ determined that Mr. Dey had failed to prove his affirmative defense of whistleblowing. The AJ found that, even assuming that Mr. Dey had made protected whistleblowing disclosures that were a contributing factor in his removal, the Agency had met is burden of showing, by clear and convincing evidence, that it would have removed him regardless of those disclosures. The Initial Decision became the final decision on May 16, 2008, when the Board denied Mr. Dey's petition for review. Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

III.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Mr. Dey mainly argues that the Board did not consider numerous facts, which he submits show that his removal was inappropriate. For example, Mr. Dey contends that the Board ignored facts suggesting that his job performance was satisfactory and that his supervisors purposefully set performance levels in the PIP that were impossible to satisfy. Mr. Dey also asserts that the Board disregarded facts that allegedly prove his affirmative defense—specifically, facts suggesting that his supervisors had motive to retaliate against him.

IV.

Because the Board's findings are supported by substantial evidence and it did not err as a matter of law, we affirm its ruling that the Agency properly removed Mr. Dey for failing to comply with the PIP. The Board carefully considered substantial evidence—in a lengthy, thorough opinion—on each of the elements required to sustain Mr. Dey's removal. For example, there is substantial evidence that shows Mr. Dey's performance was deficient regarding Critical Elements 1 and 3 of the PIP, including testimony from Mr. Salley and Mr. Lew. Similarly, there is substantial evidence showing that the PIP was not designed to ensure Mr. Dey's failure, but instead gave him ample

opportunity to demonstrate adequate performance. Contrary to Mr. Dey's suggestions, the Board did not ignore the facts which he contends support his position. Rather, it is quite apparent from the Board's detailed opinion that it considered nearly all of Mr. Dey's evidence and arguments, but nonetheless found that substantial evidence supported his removal. In fact, the Board not only took into account Mr. Dey's detailed written responses, but it also considered his evidence presented at a two-day hearing. Subsequently, after analyzing all of the record evidence, the Board properly concluded that Mr. Dey's removal was appropriate, and is not for this Court to reweigh the evidence on appeal. See, e.g., Henry v. Dep't of Navy, 902 F.2d 949, 951 (Fed. Cir. 1990). The Board also found the evidence and testimony supporting removal more credible than evidence proffered by Mr. Dey. To the extent that Mr. Dey challenges the weight afforded this evidence, we note that the determination of witness credibility is within the Board's discretion and, in general, is largely unreviewable on appeal. See, e.g., King v. Dep't of Health and Human Servs., 133 F.3d 1450, 1453 (Fed. Cir. 1998).

We also affirm the Board's decision that Mr. Dey failed to prove his affirmative defense. Contrary to Mr. Dey's suggestion, the Board did not ignore his contentions that his supervisors had retaliatory motive. Rather, the Board appropriately considered the record evidence and applied the relevant factors, specifically including any motive by agency officials to retaliate against him as well as the evidence supporting his removal. See Carr v. Social Sec. Admin., 185 F.3d 1318, 1323 (Fed. Cir. 1999). Indeed, the Board expressly acknowledged his contentions, but properly concluded that any possible retaliatory motive was clearly and convincingly outweighed by the "very consistent, compelling and persuasive" evidence that Mr. Dey would have been

removed absent his disclosures. Importantly, the evidence supporting the proposition that Mr. Dey's performance was inadequate and that other employees had been removed for similar deficiencies was clear and convincing. See, e.g., id. at 1325-26. Thus, the Board correctly determined that, even assuming that Mr. Dey had made protected disclosures that were contributing factors in his removal, there was clear and convincing evidence that the Agency would have still removed him absent those disclosures.[*]

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.

---

[*] We have considered Mr. Dey's additional arguments and have found them to be without merit.